BAM/TFH: USAO 2022R00152

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO. 22-mj-2239-AAQ |
| | * | |
| **SEAN DONNELLE HAWKINS,** | * | **FILED UNDER SEAL** |
| | * | |
| **Defendant** | * | |
| | * | |

*******

### AFFIDAVIT IN SUPPORT OF
### CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jimmie L. Grissette Jr., being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since 2017. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7)—that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in 21 U.S.C. § 841(a), 18 U.S.C. § 922, and 18 U.S.C. § 924, among others.

2. I am currently assigned to the Hyattsville I Field Office, an enforcement group responsible for investigating violent crime, gangs, armed drug trafficking, and other firearm-related violations. During my tenure as a special agent, I have investigated individuals for illegally trafficking controlled substances and firearms.

3. The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and information obtained from other local and federal law

enforcement officers. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of reports, documents, and other physical evidence obtained during the course of this investigation.  Unless otherwise indicated, where the statements of others are related herein, they are related in sum and substance and not verbatim.

4. This affidavit contains information necessary to support probable cause and has been prepared only for the purposes of obtaining a criminal complaint and arrest warrant. Therefore, it contains neither all of the information known to me concerning the offense nor every fact learned by the government during the course of its investigation thus far.  I have not, however, excluded any information known to me that would defeat a determination of probable cause.

### FACTUAL BASIS SUPPORTING PROBABLE CAUSE

5. Beginning in October 2021, law enforcement began investigating **SEAN DONNELLE HAWKINS** ("**HAWKINS**") as a potential mid-to-high level distributor of firearms and narcotics in the areas of Charles County and Prince George's County, Maryland. Through the use of confidential informants ("CIs"), law enforcement has conducted a total of ten controlled purchases of firearms and/or narcotics from **HAWKINS,** including those described below.

6. Confidential Informant 1 ("CI-1") has provided information about **HAWKINS**'s activities and has participated in controlled purchases of firearms and controlled substances from **HAWKINS**. CI-1 has been compensated in U.S. currency for information and services provided. The information provided by CI-1 has been corroborated to the extent possible and through subsequent, controlled purchases of controlled substances and firearms which were digitally recorded.  To my knowledge, CI-1 has never provided false information to law enforcement. CI-1 has a criminal history that includes felony theft and controlled substance felony offenses.

7. Prior to each controlled purchase, CI-1 was searched for contraband, currency, and

firearms by law enforcement, and confirmed to possess none. CI-1 was provided pre-recorded government funds and a digital recording device for use in each controlled purchase. Accordingly, each of the controlled purchases described herein was captured on digital audio and video recording device.

**February 18, 2022: Purchase of Cocaine and a Firearm**

8. On February 18, 2022, CI-1 and **HAWKINS** met at a location in the District of Maryland for a controlled purchase of narcotics. At the location, **HAWKINS** sold CI-1 approximately 11.91 grams of suspected cocaine. CI-1 used pre-recorded government funds to make the purchase. CI-1 inquired whether **HAWKINS** had any firearms for sale. **HAWKINS** indicated that he did. **HAWKINS** entered CI-1's vehicle from the passenger side and directed CI-1 to drive to another location in Maryland.

9. At the new location, CI-1 purchased from **HAWKINS** 50 rounds of ammunition and a Taurus Model 1911 9mm semi-automatic pistol using pre-recorded government funds. After the purchase, CI-1 departed the area and was followed by law enforcement to a nearby meeting location. Law enforcement met with CI-1 and recovered an unloaded, Taurus Model 1911 9mm semi-automatic pistol, bearing serial number THN91730, 50 cartridges of Winchester 9mm ammunition, and approximately 11.91 of suspected cocaine.

10. The Taurus Model 1911 9mm semi-automatic pistol, bearing serial number THN91730, was examined by an interstate nexus expert who determined that the pistol was manufactured outside the state of Maryland and would have traveled in interstate and foreign commerce prior to being possessed by **HAWKINS** in Maryland on February 18, 2022. This same expert also determined the pistol to be a firearm as defined by 18 U.S.C. § 921(a)(3).

11. The approximately 11.91 grams of suspected cocaine was submitted to the

Maryland State Police Forensic Science Division lab for testing, and tested positive for cocaine hydrochloride, a Schedule II controlled substance.

**March 1, 2022: Purchase of Cocaine Base and Two Firearms**

12. On March 1, 2022, CI-1 and **HAWKINS** met at a location in the District of Maryland for a controlled purchase of firearms and narcotics. While at the location, CI-1 purchased from **HAWKINS** two handguns, 382 rounds of ammunition, and approximately 18.881 grams of suspected cocaine base using pre-recorded government funds. After the purchase, CI-1 departed the area and was followed by law enforcement to a nearby meeting location. Law enforcement met with CI-1 and recovered approximately 18.881 grams of suspected cocaine base; an unloaded Ruger Black Hawk .357 magnum semi-automatic pistol bearing serial number 30-74348; an unloaded Taurus 1911 Officer Model .45 caliber semi-automatic pistol bearing serial number NLT1558; and 382 rounds of ammunition, consisting of 198 .45 caliber cartridges and 184 .357 cartridges from a variety of manufactures.

13. The recovered pistols and ammunition were examined by an interstate nexus expert who determined that the pistols and ammunition were manufactured outside the state of Maryland and would have traveled in interstate and foreign commerce prior to being possessed by **HAWKINS** on March 1, 2022. This same expert also determined that the two pistols were firearms as defined by 18 U.S.C. § 921(a)(3), and the ammunition was ammunition as defined by 18 U.S.C. § 321(a)(17)(a).

14. The approximately 18.881 grams of suspected cocaine base was tested by the Maryland State Police Forensic Science Division and tested positive for cocaine base, a Schedule II substance.

**April 26, 2022: Purchase of Cocaine Base, Cocaine, and Two Privately Made Firearms**

15. On April 26, 2022, CI-1 and **HAWKINS** met at a location in Maryland for a controlled purchase of firearms and narcotics. While at the location, CI-1 purchased from **HAWKINS** two privately made firearms ("PMFs"), approximately 25.438 grams of suspected cocaine base, and approximately 14.009 grams of suspected cocaine, using pre-recorded government funds. After the purchase, CI-1 departed the area and was followed by law enforcement to a nearby predetermined meeting location. Law enforcement met with CI-1 and recovered the two PMFs, approximately 25.438 grams of suspected cocaine base, and approximately 14.009 grams of suspected cocaine. The first PMF was a 9mm semi-automatic pistol, constructed using a Glock 17 slide (bearing serial number BWFC906) and was recovered in a case, unloaded, with a detached magazine loaded with ammunition. The second PMF was .357 SIG semi-automatic pistol, constructed using a Glock 33 slide (bearing serial number BVAY939) and was loaded with ammunition.

16. Both PMFs were examined by an interstate nexus expert who determined that the firearms each contained two integral parts that were manufactured outside the state of Maryland and would have traveled in interstate and foreign commerce prior to being possessed by **HAWKINS** on April 26, 2022. This same expert also determined that the recovered firearms were firearms as defined by 18 U.S.C. § 921(a)(3).

17. The approximately 25.438 grams of suspected cocaine base was tested by the Maryland State Police Forensic Science Division and tested positive for cocaine base, a Schedule II substance. The approximately 14.009 grams of suspected cocaine was tested by the Maryland State Police Forensic Science Division and tested positive for cocaine hydrochloride, a Schedule II substance.

**May 24, 2022: Purchase of Cocaine Base, Cocaine, and One Firearm**

18.  On May 24, 2022, CI-1 and **HAWKINS** met at a location in Maryland to conduct a controlled purchase involving firearms and narcotics. At the location, CI-1 purchased from **HAWKINS** a 9mm Beretta Pietro Model 92S semi-automatic pistol bearing serial number X00313Z, 31 rounds of 9mm ammunition, approximately 29.039 grams of suspected cocaine, and approximately 27.113 grams of suspected cocaine base using pre-recorded government funds. After the purchase, CI-1 departed the area and traveled to meet law enforcement at a nearby predetermined location. Law enforcement met with CI-1 and recovered the pistol, 31 rounds of ammunition (consisting of 29 CBC 9mm cartridges and 2 MRP 9mm cartridges), approximately 29.039 grams of suspected cocaine, and approximately 27.113 grams of suspected cocaine base.

19.  The recovered pistol and ammunition were examined by an interstate nexus expert who determined that the pistol and ammunition were manufactured outside the state of Maryland and would have traveled in interstate and foreign commerce prior to being possessed by **HAWKINS** on May 24, 2022. This same expert also determined the pistol to be a firearm as defined by 18 U.S.C. § 921(a)(3), and the ammunition was ammunition as defined by 18 U.S.C. § 321(a)(17)(a).

20.  The suspected cocaine base was tested by the Maryland State Police Forensic Science Division and tested positive for cocaine base, a Schedule II substance. The suspected cocaine was tested by the Maryland State Police Forensic Science Division and tested positive for cocaine hydrochloride, a Schedule II substance.

21.  I have reviewed **HAWKINS**'s criminal history and confirmed that throughout the course of this investigation, **HAWKINS** has been and remains prohibited from possessing a firearm and from possessing ammunition due to multiple prior felony convictions. For example,

on March 20, 2012, **HAWKINS** was sentenced to 10 years of imprisonment in the Circuit Court for Charles County, Maryland in case number 08-K-11-000159 after being found guilty of Conspiracy to Possess with Intent to Distribute Controlled Dangerous Substances, in violation of Maryland law.

## CONCLUSION

22.     Based upon the information set forth in this Affidavit, your Affiant submits that probable cause exists to believe that **HAWKINS** has committed the following violations of federal criminal law:

   a. **Count One:** On or about May 24, 2022, Distribution of Controlled Substances, in violation of 21 U.S.C. § 841(a);

   b. **Count Two:** On or about May 24, 2022, Use and Carry a Firearm During and in Relation to, and Possess a Firearm in Furtherance of, a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c);

   c. **Count Three:** On or about May 24, 2022, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Jimmie L. Grissette Jr.
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

*Digitally signed by JIMMIE GRISSETTE Date: 2022.08.01 10:39:36 -04'00'*

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 4(d) this   1st   day of August, 2022.

_____
HONORABLE AJMEL A. QURESHI
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MARYLAND